SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
NATHAN C, YU, Cal. Bar No. 299516
EMILY A. PAPANIA, Cal. Bar No. 325027
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398

Attorneys for Defendants
NESTLÉ USA, INC., KARTHIK
SHETTY, and ROGER PALPANT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>NESTLÉ USA, INC., a Delaware corporation; KARTHIK SHETTY, an individual; ROGER PALPANT, an individual; and DOES 1 through 25, Inclusive,<br><br>          Defendants. | Case No.<br><br>**DEFENDANT NESTLÉ USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>(Monterey County Superior Court Case No. 23CV001286)<br><br>Complaint Filed: April 26, 2023<br>Trial Date:  None Set<br><br>[Filed concurrently with Declaration of Tracey A. Kennedy; Declaration of Jackie Combs; Declaration of Manuel Gonzalez] |

SMRH:4860-0103-1314.3

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Nestlé USA, Inc. ("Nestlé USA") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Monterey, to the United States District Court for the Northern District of California.  Removal is appropriate, as this Court has diversity jurisdiction over Plaintiff Richard Garcia ("Plaintiff")'s lawsuit pursuant to 28 U.S.C. § 1332 because there is complete diversity between Nestlé USA and Plaintiff; the amount in controversy exceeds $75,000, exclusive of interest and costs; and the remaining named defendants are all sham defendants.

## I.    BACKGROUND AND PLEADINGS

1.    On April 26, 2023, Plaintiff filed a lawsuit against Nestlé USA, Karthik Shetty, Roger Palpant, and Does 1-25 in the Superior Court of the State of California, County of Monterey, Case No. 23CV001286 (the "Complaint").  In the Complaint, Plaintiff alleged the following claims for relief: (1) wrongful termination in violation of public policy; (2) failure to provide reasonable accommodation in violation of the Fair Employment and Housing Act ("FEHA"); (3) failure to engage in the interactive process in violation of the FEHA; (4) disability discrimination in violation of the FEHA; (5) retaliation in violation of the FEHA; (6) retaliation in violation of Labor Code § 1102.5; (7) failure to prevent harassment, discrimination, and retaliation in violation of the FEHA; (8) failure to provide meal and rest periods; (9) violation of Bus. & Prof. Code § 11702, *et seq.*; and (10) Private Attorneys General Act.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.    On July 14, 2023, Nestlé USA filed its answer to the Complaint.  A true and correct copy of Nestlé USA's Answer to the Complaint is attached hereto as **Exhibit B.**

SMRH:4860-0103-1314.3                          -1-                          NOTICE OR REMOVAL

3.      On July 14, 2023, Defendants Karthik Shetty ("Individual Defendant Shetty") and Roger Palpant ("Individual Defendant Palpant") (collectively, "Individual Defendants") filed a demurrer to the Complaint on the grounds that Plaintiff's only cause of action against Individual Defendants—disability discrimination in violation of the FEHA—could not be maintained against Individual Defendants as a matter of law.  A true and correct copy of Individual Defendants' Demurrer to the Complaint is attached hereto as **Exhibit C.**

4.      Rather than oppose Individual Defendants' demurrer, on November 1, 2023, Plaintiff filed his First Amended Complaint (the "FAC").  By way of the FAC, Plaintiff dropped his claim of disability discrimination against Individual Defendants and added a cause of action for harassment in violation of the FEHA against both Nestlé USA and Individual Defendants.  A true and correct copy of the FAC is attached hereto as **Exhibit D.**

5.      Other than the aforementioned pleadings, there have been no other pleadings filed in the state court action.

## II.    <u>THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER</u>

6.      This Court's subject-matter jurisdiction is based upon diversity of citizenship.  Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions between citizens of different states or citizens of a state and citizens of a foreign state where the amount in controversy exceeds the sum or value of $75,000.  This civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

### A.    <u>The Parties Are Completely Diverse And Removal Is Appropriate</u>

#### 1.    <u>Plaintiff Is A Citizen Of California</u>

7.      To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence

is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, Nestlé USA is informed and believes that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. (FAC, ¶ 1.).

### 2.     Nestlé USA Is A Citizen Of Delaware And Virginia

8.     Nestlé USA is not a citizen of California. For diversity purposes, a corporation is deemed to be a citizen of the state in which it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The "'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). The relevant considerations under the "nerve center" test include the following: (a) where the directors and stockholders meet; (b) where the executives live and have their offices; (c) where the administrative and financial offices are located and the records kept; (d) where the corporate income tax return is filed; (e) where the "home office" is located; and (f) where day-to-day control of the business is exercised. *Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).

9.     Nestlé USA is a corporation organized under the laws of Delaware. (Declaration of Jackie Combs, ¶ 2.) Its principal place of business and corporate headquarters are located in Virginia. (*Id*. at ¶ 3.) Nestlé USA's corporate headquarters in Virginia is the actual center of direction, control, and coordination of all major human resources, payroll, and administrative functions. (*Id*.) The respective officers for these departments, who are responsible for developing policies and protocols for Nestlé USA's operations, primarily work in Virginia. (*Id*.) Nestlé USA's corporate headquarters and nerve center were, at the time of filing of the state court action, and remain to date, in Virginia. As such, Nestlé USA is a citizen of the states of Delaware and Virginia only.

**3.    The Citizenship Of Defendants (Other Than Nestlé USA) Must Be Disregarded Because They Are Fraudulently Joined And Are "Sham" Defendants For Diversity Jurisdiction Purposes**

10.    Removal is proper despite the presence of a non-diverse or resident defendant if that defendant has been "fraudulently joined" by the plaintiff or is a "sham" defendant. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009); *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)); *see Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773-74 (9th Cir. 1986).    The Ninth Circuit's standard for determining fraudulent joinder is well established and is unaffected by a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).    A fraudulent joinder occurs (and a non-diverse defendant is ignored for purposes of determining diversity of the parties) when a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *McCabe*, 811 F.2d at 1339; accord *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).    "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant who has been fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).    In such a case, the residence of the sham defendant should not be considered for purposes of determining whether diversity jurisdiction exists. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff

fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.") (internal quotations and alteration omitted). A court "may look beyond the pleadings to determine if a defendant is fraudulently joined." *Nasrawi v. Buck Consultants, LLC*, 2011 WL 846151, at *2 (E.D. Cal.). Here, while Plaintiff alleges in the FAC that Individual Defendants are citizens of California, as explained below, the residence of Individual Defendants should not be considered as they are sham defendants.

**4.    Individual Defendants Are Sham Defendants Because Plaintiff Fails To State Any Claim Against Them**

11.    Plaintiff alleges one cause of action against Individual Defendants: that they harassed him on the basis of disability in violation of the FEHA. (FAC, ¶¶ 60-65.)

12.    Individual Defendants are clearly sham defendants. In his original Complaint, Plaintiff alleged a claim for disability discrimination in violation of the FEHA against Individual Defendants. (*See* Complaint, p. 7.) Thereafter, Individual Defendants filed a demurrer to the Complaint on the grounds that individuals, who are not themselves the employer, cannot be liable for FEHA discrimination as a matter of law. (*See* Demurrer.) In response, Plaintiff amended his complaint to add a sham cause of action for harassment in violation of the FEHA (and to remove his claim for discrimination as to Individual Defendants). (*See* FAC.)

13.    Plaintiff's allegations against Individual Defendants consist only of the following: (1) Individual Defendant Palpant "instructed several employees, including [Plaintiff], to manually move heavy machinery and in doing so, Plaintiff severely injured his back" (FAC ¶ 14); (2) Plaintiff informed Individual Defendant Palpant about his injury (*Id.* at ¶ 15); (3) in the following months, Individual Defendants "repeatedly asked" Plaintiff "to perform electrical work" and "repeatedly pressured" Plaintiff into doing so despite Plaintiff informing Individual Defendants "he was neither licensed nor certified to perform such electrical work and did not feel

comfortable doing so" (*Id.* ¶ 17); (4) two days before Plaintiff's back surgery, Individual Defendants "confronted" Plaintiff about leaving a key in an electrical panel's lock even though Plaintiff had "never made this mistake before, and other employees had made the same mistake… without Nestlé USA taking any disciplinary action against them" (*Id.* at ¶ 21); and (5) Individual Defendant Palpant had bypassed "the very same safety protocols" and "often failed to properly complete the lock-out protocol." (*Id.* at ¶ 22). The FAC states no other allegations against Individual Defendants. (*See id.*)

14. Based on the alleged conduct, Plaintiff has failed—as a matter of law—to state a claim for harassment in violation of the FEHA as to Individual Defendants. To state a *prima facie* claim for disability harassment under FEHA, a plaintiff must allege: "(1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected class; and (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment." *Mendoza v. v. Staples, Inc.*, No. CV 14-07837 BRO FFMX, 2014 WL 6670221, at *4 (C.D. Cal. Nov. 24, 2014). To be actionable, harassing conduct must be sufficiently severe or pervasive. *See Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal.4th 121, 131 (1999) (noting that "occasional, isolated, sporadic, or trivial" conduct is insufficient). In light of these well-established requirements, Plaintiff has failed to state a prima facie claim for harassment against Individual Defendants. First, none of the conduct attributed to Individual Defendant in the FAC rises to the level of creating an "intimidating, hostile, or offensive work environment." Plaintiff alleges that Individual Defendants asked him to perform certain job-related tasks during work hours and confronted Plaintiff regarding a safety violation on a single occasion. These allegations, even taken as true, do not rise to the level of intimidation, hostility, or offensiveness. Further, none of the alleged actions of Individual Defendants are related in any way to Plaintiff's alleged disability. Because Plaintiff has failed to state any cause of action as to

Individual Defendants in the FAC, Individual Defendants must be deemed "sham" defendants, and their citizenship has no bearing on this Court's diversity jurisdiction. *United Computer Sys*, 298 F.3d at 761-62.

### 5.   The Citizenship Of The Doe Defendants Must Be Disregarded

15.   Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). The existence of Doe defendants 1 through 25, does not deprive this Court of jurisdiction.

### B.   The Amount In Controversy Exceeds $75,000

16.   In addition to the diversity of citizenship present in this case—as discussed above—the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

17.   While Plaintiff does not expressly note an amount of controversy in the FAC, the minimum threshold of $75,000 is nevertheless met here. Where a plaintiff does not specify a particular amount of damages in his complaint, a removing defendant has the burden to show that the amount placed in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To meet that burden, a defendant only needs to show that there is "a reasonable probability that the stakes exceed" $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). Indeed, a defendant need not provide this Court with "proof" or "evidence" that the plaintiff actually will recover more than $75,000; rather, removal is proper as long as the amount in controversy can be met. *See Brill*, 427 F.3d at 448-49.

18.    A defendant is permitted to establish the amount in controversy by pointing to the allegations in the operative complaint or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum.  The Court may consider whether it is facially apparent from the operative complaint that the jurisdictional amount is in controversy.  *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  In addition to the contents of the removal petition, the Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377.

19.    In measuring the amount in controversy in this case, the Court must assume the allegations of the FAC to be true and that a jury will return a verdict for Plaintiff on all claims asserted.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by the operative complaint, not what the defendant will actually owe.  *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

20.    While Plaintiff does not pray for a specific dollar amount in this case, he alleges claims for: (1) wrongful termination in violation of public policy; (2) failure to provide reasonable accommodation in violation of the Fair Employment and Housing Act ("FEHA"); (3) failure to engage in the interactive process in violation of the FEHA; (4) disability discrimination in violation of the FEHA; (5) retaliation in violation of the FEHA; (6) retaliation in violation of Labor Code § 1102.5; (7) harassment in violation of the FEHA; (8) failure to prevent harassment, discrimination, and retaliation in violation of the FEHA; (9) failure to provide meal and rest periods; (10) violation of Bus. & Prof. Code § 11702, *et seq.*; and (11) Private Attorneys General Act.  (*See* FAC.)  In calculating the amount in controversy, the

Court must assume that Plaintiff will be successful in his claims. *See Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (amount in controversy is based on assumption that plaintiff prevails on all claims). Accordingly, assuming Plaintiff's suit is successful, as explained below, the amount in controversy requirement is clearly met.

21. Specifically, Plaintiff seeks the following:

(a) **Back Pay And Benefits:** Plaintiff alleges discrimination and retaliation claims under the FEHA and wrongful termination in violation of public policy. (*See generally* FAC.) If these claims are successful, Plaintiff would be entitled to an award of back pay. *See Parker v. Twentieth Century–Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970) (prevailing plaintiffs in employment termination case are generally entitled to back pay in the amount that they would have received but for the termination, less sums obtained through mitigation). At the time of Plaintiff's separation of employment from Nestlé USA in March 2022, he earned approximately $24.05 per hour. (Declaration of Manuel Gonzalez, ¶ 5.) As a full-time employee, Plaintiff was earning approximately $50,000 per year. Plaintiff makes no allegation that he has found any work since his separation from Nestlé USA. Therefore, to date, Plaintiff's claimed lost earnings are approximately $85,600. This amount does not include lost employment benefits, which Plaintiff seeks in addition to backpay. (*See* FAC ¶¶ 28, 35, 42, 53, 58, 59, 65.) While he did not provide a specific dollar amount for his claims relating to lost benefits, Plaintiff contributed approximately $250 per pay period to medical, dental, and vision coverage, which equates to over $6,500 per year. (Gonzalez Decl., ¶ 5.) Thus, if he were to prevail on his claims, Plaintiff would be entitled to more than twenty months' worth of health benefits to date (in addition to 401(k) benefits, sick time, holiday, vacation, and other benefits) totaling in excess

of $11,000.00. Accordingly, Plaintiff's potential recovery of back pay and benefits alone satisfies the amount in controversy requirement of more than $75,000.

(b) **Front Pay.** While any award of front pay is highly speculative, courts that have awarded such damages in FEHA cases have held that a plaintiff could receive at least two years of front pay. *Horsford v. Board of Trustees of Calif. State Univ.* 132 Cal. App. 4th 359, 388-89 (2005). Therefore, Plaintiff could potentially recover another $100,000 in front pay alone.

(c) **Emotional Distress Damages:** Plaintiff also seeks emotional distress damages. (*See* FAC ¶¶ 28, 35, 42, 53, 58, 59, 65.) A prevailing plaintiff in a wrongful termination action is entitled to seek damages for emotional distress. *See Gantt v. Sentry Insurance*, 1 Cal. 4th 1083, 1098-1101 (1992), overruled on other grounds by *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 90 (1998). The emotional distress component of Plaintiff's alleged damages should be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in discrimination and wrongful termination cases. *See*, *e.g.*, *Bradley v. Department of Corrections & Rehabilitation*, 158 Cal. App. 4th 1612, 1618 (2008) (awarding a single plaintiff $300,000 in non-economic damages for harassment claim); *Roby v. McKesson*, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000), as well as an additional $600,000 in non-economic damages for harassment). Based on this precedent, Plaintiff's potential emotional distress damages alone exceed the $75,000 amount in controversy requirement.

(d) **Punitive Damages**: Plaintiff also seeks punitive damages. (FAC, Prayer.) Punitive damages are recoverable under FEHA and in wrongful termination actions. *See* Cal. Civ. Code 3294; *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980). Punitive damages should be considered when determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into amount in controversy if they are recoverable under state law); *Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases" and citing cases with punitive damages awards of $60,000 to $121,000,000). If Plaintiff prevailed at trial, it is reasonable to assume for purposes of diversity jurisdiction that his potential recovery of punitive damages could be at least $60,000.

(e) **Attorneys' Fees:** Under the FEHA, Plaintiff has also demanded attorneys' fees. (Complaint, Prayer, ¶¶ 35, 82.) Attorneys' fees are awarded to a prevailing plaintiff in a FEHA action. *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation). One court in the Central District of California has opined that a reasonable rate for an attorney would be at least $300 per hour, and a reasonable number of hours for a case would be at least 100-300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *1 (C.D. Cal. Mar. 3, 2015). This data indicates that Plaintiff's potential attorney's fee award would be approximately $30,000 and $90,000. *Id.* Further, the undersigned counsel has defended numerous claims for alleged discrimination and wrongful termination against corporate employers and has tried more than 50 employment-related actions in state and federal court in California. Counsel is therefore familiar with damages claims made by plaintiffs and awarded by juries in California. (Declaration of Tracey

A. Kennedy, ¶ 3.)  In this work, it has been counsel's experience that a typical plaintiff in a case like this one regularly seeks more than $75,000, particularly when attorneys' fees are taken into account.  (*Id.*)

22.    The amount in controversy in this case, based on the totality of Plaintiff's claims and prayer for relief, which includes his claims for economic and non-economic damages as well as attorneys' fees and costs, clearly exceeds $75,000.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees demonstrated that the amount in controversy exceeded $75,000"). Therefore, removal is appropriate and proper.

## III.    THIS REMOVAL NOTICE IS PROCEDURALLY PROPER

23.    **The Removal Venue Is Proper**.  Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2).  This action originally was brought within a county encompassed by the Northern District of California—the Superior Court of the State of California, County of Monterey.

24.    **The Removal is Timely**.  Plaintiff served his FAC on Nestlé USA on November 3, 2023.  Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6 and 81(c), Nestlé USA has filed this Notice of Removal within the time permitted for removal of complaints because this matter only became removable on November 3, 2023 and this removal occurred within 30 days of that date.

25.    **Nestlé USA Has Sufficient Consent**.  Fraudulently-joined defendants, such as Individual Defendants, are not required to consent to removal.  *Simpson v. Union Pac. R.R. Co.*, 282 F.Supp.2d 1151, 1157 (N.D.Cal. 2003) ("Fraudulent joinder provides an exception to the unanimity requirement, in that the consent of a fraudulently joined defendant is not required to remove a case"); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

26.    Nestlé USA is not required to investigate the identity of the unnamed defendants or to obtain their consent for removal.  *See Necombe v. Adolf Coors Co.*,

157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a). In any event, no Doe defendant has been served. Nestlé USA is not required to obtain consent to remove from defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Nestlé USA has sufficient consent to remove the state court action.

## IV.   NOTICE OF REMOVAL TO PLAINTIFF AND THE STATE COURT

27.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be served upon counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Monterey, as required by 28 U.S.C. § 1446(d).

## V.   CONCLUSION

28.   Nestlé USA respectfully requests that this Court proceed with this matter as if the case had been originally filed in the U.S. District Court for the Northern District of California.


Dated:  November 30, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By   _____
TRACEY A. KENNEDY
NATHAN C. YU
EMILY A. PAPANIA

Attorneys for Defendant,
Nestlé USA, Inc.

EXHIBIT A

MILLS SADAT DOWLAT LLP
Brigitte Mills (SBN 281098)
Camron Dowlatshahi (SBN 308618)
333 South Hope Street, 40th Floor
Los Angeles, CA 90071
Tel.:    (213) 628-3856
Email: arash@ msdlawllp.com
Email: brie@ msdlawllp.com
Email: camron@msdlawllp.com

Attorneys for Plaintiff
Richard Garcia

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| RICHARD GARCIA, an individual, | Case No. |
| Plaintiff, | **RICHARD GARCIA'S COMPLAINT FOR:** |
| v. | **(1)    Wrongful Termination in Violation of Public Policy** |
| NESTLE USA, INC., a Delaware corporation, KARTHIK SHETTY, an individual, ROGER PALPANT, an individual, and DOES 1 through 25, inclusive, | **(2)    Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m))** |
| Defendants. | **(3)    Failure to Engage in the Interactive Process (Gov. Code, § 12940(n))** |
| | **(4)    Disability Discrimination in Violation of FEHA (Gov. Code § 12940(a))** |
| | **(5)    Retaliation in Violation of FEHA (Gov. Code § 12940, subd. (h))** |
| | **(6)    Retaliation in Violation of Lab. Code, § 1102.5** |
| | **(7)    Failure to Prevent Harassment, Discrimination, and Retaliation (Gov. Code, § 12940(k))** |
| | **(8)    Failure to Provide Meal and Rest Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)** |
| | **(9)    Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.)** |
| | **(10)   Private Attorneys General Act (Labor** |

1

COMPLAINT

Code §§ 2698, et seq.)

**JURY TRIAL DEMANDED**

Plaintiff Richard Garcia, by and through his undersigned counsel, brings this action against defendants Nestle USA, Inc., Karthik Shetty, Roger Palpant, and Does 1 through 25, inclusive (collectively, "Defendants"), and alleges as follows:

## THE PARTIES

1.     Plaintiff Richard Garcia ("Mr. Garcia" or "Plaintiff") is an individual residing in Salinas, California.

2.     Defendant Nestle USA, Inc. ("Nestle") is a corporation that is incorporated in Delaware, with its principal place of business in Arlington, Virginia.

3.     Defendant Karthik Shetty ("Mr. Shetty") is an individual residing in San Jose, California.

4.     Defendant Roger Palpant ("Mr. Palpant") is an individual residing in Modesto, California.

5.     Plaintiff is unaware of the true names and capacities of the defendants sued as Does 1 through 25, inclusive, and therefore sues these defendants by fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were proximately caused by said defendants' conduct.

## VENUE AND JURISDICTION

6.     The wrongful conduct alleged against the Defendants occurred in the County of Monterey, California.  At all times relevant hereto, the conduct at issue was part of a continuous and ongoing pattern of behavior.

//

//

2

7.    This Court is the proper forum to adjudicate this action because the wrongful acts that are the subject of this action occurred here and injury to person occurred in its jurisdictional area.

8.    Plaintiff has complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, and/or is excused from complying therewith.  Plaintiff was issued a right-to-sue notice on or about September 29, 2022. A true and correct copy of Plaintiff's "Right to Sue" letter is attached as **Exhibit A**.

### GENERAL ALLEGATIONS

9.    Put simply, Mr. Garcia was fired in retaliation for taking medical leave and for reporting unlawful conduct.

10.    Mr. Garcia was a loyal and hardworking employee who began working for Sweet Earth, Inc. ("SEI") on or about July 5, 2016, as a facility and grounds keeper.

11.    SEI recognized Mr. Garcia's performance and work ethic, and in or around January 2017, Mr. Garcia received the first of four raises he would go on to receive while working for the company.  However, this work ethic often required Mr. Garcia to forgo his meal and rest breaks.

12.    In or around September 2017, Nestle USA, Inc. (hereinafter, "Nestle") purchased SEI, and continued operations at the facility located at or about 3080 Hilltop Rd, Moss Landing, CA 95039 (the "Facility").

13.    In or about 2019, Nestle began remodeling, updating, and repairing several buildings at the Facility that did not meet relevant building codes.  Nestle typically used heavy machinery to do so.

14.    In or around June 2019, Mr. Garcia's supervisor, Roger Palpant (Mr. "Palpant"), instructed several employees, including Mr. Garcia, to manually move heavy machinery. Specifically, Mr. Palpant instructed the group to move an industrial "bowl chopper" up a sloped ramp to the loading dock.  In doing so, Mr. Garcia severely injured his back, causing immediate pain.

3

15. Mr. Garcia informed Mr. Palpant and Nestle's human resources personnel ("HR") about his workplace injury. Fearful of losing his job, Mr. Garcia only took the following day off to rest.

16. However, Mr. Garcia was unable to lay down or sleep without experiencing severe pain for a prolonged period of time. As a result of the accident, Nestle placed Mr. Garcia on light duty. Even on light duty, while Mr. Garcia's pain lessened, the discomfort he experienced did not.

17. Over the course of the following months, Mr. Palpant and Karthik Shetty ("Mr. Shetty"), repeatedly asked Mr. Garcia to perform electrical work at the Facility. Mr. Garcia informed his managers that he was neither licensed nor certified to perform such electrical work and did not feel comfortable doing so. However, Mr. Palpant and Mr. Shetty repeatedly pressured Mr. Garcia into doing so.

18. In fact, despite his complaints and lack of certification, Mr. Garcia was placed in charge of electrical panels and performing the "lock-out-take-out" safety protocol. This required Mr. Garcia to lock the electrical panels and to remove the key accompanying the lock.

19. Soon thereafter, doctors discovered that Mr. Garcia had a herniated disk at L5-S1, as well as fairly severe degenerative disk disease in his L4-L5. In addition, Mr. Garcia's injury caused his spinal cord to leak cerebrospinal fluid, prolonging his symptoms until surgery was performed.

20. Towards the end of 2021, the pain became too much for Mr. Garcia and he needed surgery. In or about February 2022, Mr. Garcia orally informed HR about the scheduled surgery. Mr. Garcia later provided Nestle with a written note confirming the surgery, while also reminding his supervisors on multiple occasions.

21. Two days before his surgery, on or about March 15, 2022, Mr. Garcia accidentally left a key in an electrical panel's lock. Mr. Garcia was confronted about this violation by Mr. Palpant and Mr. Shetty, notwithstanding the fact that he never made this mistake before, and other employees had made the same mistake no less than two times prior—without Nestle taking any disciplinary action against them.

4

COMPLAINT

22.     In fact, Nestle's supervisor, Reynaldo Hernandez ("Mr. Hernandez"), regularly bypassed the very same safety protocols and left the lock-out boxes unlocked.  In addition, Mr. Palpant himself bypassed such safety protocols and often failed to properly complete the lock-out protocol.

23.     However, on March 17, 2022, as doctors prepped Mr. Garcia for surgery, he received a call from Nestle—terminating him because he took time off and because he reported unlawful conduct to Mr. Palpant and Mr. Shetty.

## FIRST CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

(Against Nestle)

24.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

25.     At all times relevant hereto, Nestle employed Mr. Garcia.

26.     Nestle terminated Mr. Garcia on or about March 17, 2022.

27.     Mr. Garcia's taking of medical leave for surgery and reporting of unlawful conduct to his superiors were substantial motivating reasons for his discharge.

28.     As a result of Nestle's conduct, Mr. Garcia has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m))

(Against Nestle)

29.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

30.     Nestle employed and later terminated Mr. Garcia.

31.     Due to a workplace injury, Mr. Garcia suffered from a herniated disk at L5-S1, as well as fairly severe degenerative disk disease in his L4-L5.

5

32.     Nestle knew of Mr. Garcia's disability because Mr. Garcia provided numerous doctor's notes to Nestle outlining his symptoms and related restrictions. Moreover, Mr. Garcia informed Nestle that he would require surgery to heal his injury.

33.     Mr. Garcia was able to perform the essential duties of his position with a reasonable accommodation for his disability—namely, the ability to take a week or so off of work to heal from his surgery.

34.     However, Nestle failed to provide reasonable accommodations for Mr. Garcia's disability.

35.     As a result of Nestle's conduct, Mr. Garcia sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

36.     Nestle's failure to provide reasonable accommodation was a substantial factor in causing Mr. Garcia's harm.

### THIRD CAUSE OF ACTION

**Failure to Engage in the Interactive Process (Gov. Code, § 12940(n))**

(Against Nestle)

37.     Mr. Garcia incorporates all preceding paragraphs of this complaint as though set forth fully herein.

38.     Nestle knew Mr. Garcia suffered from a herniated disk at L5-S1 as well as fairly severe degenerative disk disease in his L4-L5, as evidenced by numerous oral and written notifications, as well as the fac that the original injury occurred in the workplace.

39.     Mr. Garcia requested that Nestle make reasonable accommodations for his injury and subsequent surgery so that he would be able to perform his essential job requirements.

40.     Mr. Garcia was more than willing to participate in the interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.  Mr. Garcia formally requested these reasonable accommodations on at least two separate occasions.

6

41.     However, Nestle failed to participate in a timely good-faith interactive process with Mr. Garcia to determine whether reasonable accommodation could be made.  Instead, Nestle summarily denied Mr. Garcia's requests without any investigation as to if it could accommodate him and terminated him instead.

42.     As a result of Nestle's conduct, Mr. Garcia sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**Disability Discrimination in Violation of FEHA (Gov. Code § 12940(a))**

(Against All Defendants)

43.     Mr. Garcia incorporates all preceding paragraphs of this complaint as though set forth fully herein.

44.     At all times relevant hereto, Mr. Garcia was an employee of Nestle.

45.     Nestle subjected Mr. Garcia to harassment, abuse, and embarrassment before ultimately firing his because of his disability.

29.      Specifically, Nestle refused to allow Mr. Garcia to take leave due to his back surgery and summarily terminated him instead.  On or about March 15, 2022, Mr. Garcia was confronted about leaving a key in a lock-out lock violation by Mr. Palpant and Mr. Shetty—notwithstanding the fact that he never made this mistake before, and other employees and supervisors, such as Reynaldo Hernandez, had made the same and/or similar mistakes no less than two times prior without Nestle taking any disciplinary action against them.

46.     Mr. Garcia's disability was a substantial motivating reasons for Nestle's discrimination and decision to ultimately terminate Mr. Garcia.

47.     Mr. Garcia was harmed, and Defendants' conduct was a substantial factor in causing Mr. Garcia's harm.

//

//

7

COMPLAINT

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of FEHA (Gov. Code § 12940, subd. (h))

(Against Nestle)

48.    Mr. Garcia incorporates all preceding paragraphs of this complaint as though set forth fully herein.

49.    Mr. Garcia complained to Nestle about his continued pain, need for surgery, and his planned medical leave related to the surgery.

50.    Nestle retaliated against Mr. Garcia for taking medical leave for his surgery and terminated Mr. Garcia as he was being prepped for surgery.

51.    Mr. Garcia's good-faith notification and taking of medical leave as described herein were substantial motivating factors in Nestle's decision to terminate him.

52.    As a result of Nestle's conduct, Mr. Garcia was harmed.

53.    As a result of Nestle's conduct, Mr. Garcia sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Retaliation in Violation of Lab. Code, § 1102.5

(Against Nestle)

54.    Mr. Garcia incorporates all preceding paragraphs of this complaint as though set forth fully herein.

55.    Mr. Garcia complained of Nestle's requirement that he work on electrical devices at the Facility to management.  Mr. Garcia lacked the required certification to do so and reported this conduct, as well as other violations of California law, to Nestle.

56.    Mr. Garcia had reasonable cause to believe that the information he disclosed to Nestle described a violation of the statutes asserted in this complaint.

8

COMPLAINT

57. Instead of remedying these violations, Nestle terminated Mr. Garcia, and Mr. Garcia's reporting of these violations to Nestle was a contributing factor in Nestle's decision to terminate Mr. Garcia.

58. As a result of Nestle's conduct, Mr. Garcia has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

59. As a result of Nestle's conduct, Mr. Garcia has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION

**Failure to Prevent Harassment, Discrimination, and Retaliation (Gov. Code, § 12940(k))**

(Against Nestle)

60. Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

61. Nestle employed Mr. Garcia.

62. Mr. Garcia was subjected to discrimination and retaliation in the course of his employment due to his back condition.

63. Nestle failed to take all reasonable steps to prevent the discrimination and retaliation. Instead, its supervisors openly discriminated against Mr. Garcia by disciplining him more severely than other non-disabled employees and ultimately terminating him.

64. Mr. Garcia incurred economic and non-economic damages because of the Nestle's failure to take all reasonable steps to prevent the harassment, discrimination, and retaliation, and this failure was a substantial factor in causing his damages.

//

//

//

9

COMPLAINT

**EIGHTH CAUSE OF ACTION**

**Failure to Provide Meal and Rest Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

(Against Nestle)

65.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

66.     At all relevant times, Nestle were aware of and were under a duty to comply with Labor Code sections 226.7 and 512 and applicable sections of IWC Wage Orders.

67.     Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

68.     Section 11 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

10

69.     Section 12 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

70.     Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each workday that the employer does not provide a compliant meal or rest period.

71.     Nestle knowingly failed to provide Mr. Garcia with meal periods as required by law, and knowingly failed to authorize and permit Mr. Garcia to take rest periods as required by law.  Nestle also failed to provide Mr. Garcia with any payment of meal and rest premiums.

72.     Mr. Garcia has therefore been damaged and is entitled to payment of the meal and rest period premiums as provided by law.

## NINTH CAUSE OF ACTION

### Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*)

(Against Nestle)

73.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

11

74. Business and Professions Code section 17200, *et seq.* ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice." AFL engaged in unlawful activity as follows:

      a. Violations of Labor Code sections 226.7 and 512 for failure to provide meal periods and rest breaks;

      b. Violations of IWC Wage Orders for the same conduct set forth herein; and

75. Mr. Garcia lost money as a result of Nestle's violations of the unlawful prong of the UCL in the form of lost wages, lost paid time off, and ultimately, the loss of his job and future wages.

76. As a result of its unlawful business practices, Nestle damaged Mr. Garcia by wrongfully denying his earned overtime wages, meal periods, rest breaks, and premium compensation.

77. Mr. Garcia seeks restitution and disgorgement and other appropriate relief available under Business and Professions Code section 17200, *et seq.*

## TENTH CAUSE OF ACTION

### Private Attorneys General Act (Labor Code §§ 2698, *et seq.*)

(Against Nestle)

78. Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

79. Mr. Garcia is an aggrieved employee under PAGA because he was employed by Nestle during the applicable statutory period and suffered one or more of the Labor Code violations set forth in this Complaint. Mr. Garcia seeks to recover on his behalf, on behalf of the State, and on behalf of all current and former aggrieved employees of Nestle, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs in this representative action.

80. Mr. Garcia seeks penalties pursuant to PAGA for violation of the following Labor Code sections:

      a. Failure to provide premium pay for missed meal and rest breaks in violation of 226.7.

12

81.     On or about September 28, 2022, Mr. Garcia provided the requisite written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") and to Nestle, informing them of the provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  The LWDA has not responded to Mr. Garcia's written notice but if it does, Mr. Garcia will amend his complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     For general damages, special damages, and non-economic damages according to proof, but in an amount in excess of the jurisdictional limit of this Court;

B.     For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct on appropriate legal causes of action;

C.     For unpaid overtime wages, meal and rest period premiums, and other due wages

D.     For amounts provided for in in Labor Code sections 226 and 226.7;

E.     For an award of civil penalties under PAGA;

F.     For prejudgment interest;

G.     For costs of suit, including attorneys' fees and expert witness fees; and

H.     For such other relief as the Court deems just and proper.

13

COMPLAINT

Dated:  April 26, 2023                              MILLS SADAT DOWLAT LLP


By:   _____

             Camron Dowlatshahi

Attorneys for Plaintiff
Richard Garcia

14

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 29, 2022

Richard Garcia
,

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202209-18388429
        Right to Sue: Garcia / Nestle USA, Inc. et al.

Dear Richard Garcia:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 29, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

EXHIBIT B

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
MORGAN P. FORSEY, Cal. Bar No. 241207
mforsey@sheppardmullin.com
BRETT D. YOUNG, Cal. Bar No. 305657
byoung@sheppardmullin.com
NATHAN C, YU, Cal. Bar No. 299516
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398

Attorneys for Defendants
NESTLÉ USA, INC., KARTHIK SHETTY,
and ROGER PALPANT

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 7/14/2023 3:25 PM
By: Brenda Cerna, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| RICHARD GARCIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NESTLÉ USA, INC., a Delaware corporation; KARTHIK SHETTY, an individual; ROGER PALPANT, an individual; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. 23CV001286<br>Assigned to: The Hon. Carrie M. Panetta<br>Dept. 14<br><br>**DEFENDANT NESTLÉ USA, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint filed: April 26, 2023 |

-1-

Defendant Nestlé USA, Inc. ("Defendant"), for itself and no others, hereby answers the unverified Complaint filed by Plaintiff Richard Garcia as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation in Plaintiff's unverified Complaint.  Defendant further denies, generally and specifically, that Plaintiff has been damaged in the amount alleged, or in any other sum, or at all, by reason of any act, omission to act, conduct or liability on the part of Defendant, or on the part of any of Defendant's agents, servants, employees, representatives, or any other person or entity for whose acts Defendant is responsible.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Uncertainty)

2.    The Complaint, and each and every purported cause of action alleged therein, is uncertain, ambiguous and/or unintelligible.

## THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

3.    Defendant is informed and believes and, based on such information and belief, alleges that the causes of action, and each of them, are barred by the applicable statutes of limitation including, but not limited to, the provisions of California Code of Civil Procedure sections 337, 338, 339, 340, and 343, California Government Code sections 12960 and 12965, Business and Professions Code section 17208, and Labor Code sections 2698, *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

### (Privilege)

4.    The Complaint, and each and every purported cause of action alleged therein,

-2-

is barred on the grounds that Defendant's acts were privileged.

## FIFTH AFFIRMATIVE DEFENSE

### (Same Action Regardless of Protected Conduct – Mixed Motive)

5.      Defendant denies that it unlawfully discriminated or retaliated against Plaintiff.  Assuming that Plaintiff proves Defendant relied upon an illegal motivation, Defendant would have taken the same action even if it had not relied upon the allegedly illegal ground.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.      Defendant is informed and believes and, based on such information and belief, alleges that Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint, and on that ground is barred from recovering any relief on this Complaint, or any purported cause of action alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      Defendant is informed and believes and, based on such information and belief, alleges that by virtue of Plaintiff's actions, inaction, or representations, she is estopped as to any and all rights she may have under the facts alleged in the Complaint and each and every purported cause of action contained therein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8.      Defendant is informed and believes and, based on such information and belief alleges, that Plaintiff's Complaint, and all causes of action therein, are barred in whole or in part because Plaintiff consented to the alleged acts.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.      Defendant is informed and believes and, based on such information and belief, alleges that the Complaint and the purported causes of action alleged therein, are untimely and barred by the doctrine of laches.

-3-

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.     Plaintiff, with full knowledge of his damages, if any, failed to take reasonable steps to avoid or mitigate the damages alleged in the Complaint.  If Defendant did subject Plaintiff to any wrongful or unlawful conduct resulting in any damages, although such is not admitted hereby or herein, Plaintiff had a duty to mitigate any damages, failed to do so, and, as such, Plaintiff's recovery is barred or must be reduced or offset accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

11.     Plaintiff's right, if any, to recover damages based on the Complaint and each purported cause of action thereof, is limited and/or barred because: (1) Defendant took reasonable steps to prevent and correct workplace discrimination, harassment, or retaliation, if any existed; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) Defendant's procedures would have prevented at least some harm, if any occurred.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12.     Defendant is informed and believes and, based on such information and belief, alleges that the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff has engaged in conduct and activity sufficient to constitute a waiver of any right to assert the claims upon which he now seeks relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

13.     Defendant is informed and believes and, based on such information and belief, alleges that Plaintiff is barred, in part or total, from recovery of any damages, based upon the doctrine of after-acquired evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Facts For Punitive Damages)

14.     The Complaint, and each and every purported cause of action alleged therein,

-4-

fails to state facts sufficient to sustain the imposition of punitive damages against Defendant pursuant to California Civil Code § 3294.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

15.    Defendant is informed and believes and, based on such information and belief, alleges that any recovery on Plaintiff's claims is barred on the grounds that Plaintiff failed to exhaust her administrative remedies and properly perfect a right of action, including under the California Fair Employment and Housing Act, Government Code sections 12960, *et seq*. and with the California Division of Labor Standards Enforcement and/or the Labor and Workforce Development Agency, and accordingly, this Court lacks jurisdiction over most, if not all, of Plaintiff's claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reasons)

16.    Defendant denies that it engaged in the conduct attributed to it by Plaintiff. However, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges that the conduct was not unlawful inasmuch as the conduct was reasonably and properly based on legitimate business reasons and non-discriminatory and non-retaliatory factors.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Breach of Statutory Duties)

17.    Any recovery on the Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's breach of his statutory obligations as an employee under the California Labor Code.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Bad Faith)

18.    Plaintiff was at fault or has acted in bad faith in connection with the acts alleged to have resulted in damage to Plaintiff. By reason thereof, Plaintiff's rights of recovery from Defendant, if any, should be offset and reduced by the amount in which the negligence, fault, and bad faith of persons and entities other than Defendant, including Plaintiff, contributed to any

damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

19.    An award of punitive damages in this action would violate Defendant's due process and equal protection rights under the United States Constitution and the California Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Outside Scope of Employment)

20.    Defendant did not authorize, direct, or participate in any alleged wrongful conduct.  Any recovery on Plaintiff's claims, or any purported cause of action alleged therein, is barred in whole or in part because Defendant did not aid, abet, counsel or encourage the alleged act(s).  If Defendant's employees or any of them committed the acts alleged by Claimant, although such is not admitted hereby or herein, such acts were committed outside the scope of employment and not by agents of Defendant, and, thus, Defendant is not liable for such acts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Safe-Harbor)

21.    Each of the causes of action asserted in Plaintiff's Complaint, and/or the damages arising from such causes of action, are barred by an applicable safe harbor, including but not limited to under Business and Professions Code sections 17200, *et seq.* and Labor Code Section 2698 *et seq.*

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

22.    The Complaint, and each purported cause of action therein, should be abated in the Court's discretion, and Plaintiff should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement and/or the Labor and Workforce Development Agency, which have primary jurisdiction over his claims.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Lack of Specificity)**

23.    Plaintiff's cause of action claiming unfair competition in violation of California Business and Professions Code Section 17200, *et seq.* is barred because it fails to plead specific facts capable of stating a claim for unfair competition.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Comply With Employer Instructions)**

24.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with all the directions of his employer concerning the services for which he was engaged. (Lab. Code § 2856.)

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Bona Fide Opportunity To Take A Compliant Meal Period)**

25.    To the extent timekeeping records indicate incidences where Plaintiff did not record a timely meal period of at least 30 minutes in a qualifying shift, Defendant is not liable for failure to provide a meal period because it permitted Plaintiff a bona fide opportunity to take a compliant meal period but he voluntarily chose not to take the meal period Defendant provided.

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff take nothing by reason of the Complaint and that judgment be rendered in favor of Defendant;

2.    That Defendant be awarded costs of suit and attorneys' fees incurred in defense of this action; and

3.    For such other and further relief as the Court deems proper.

-7-

Dated: July 14, 2023                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

TRACEY A. KENNEDY
MORGAN P. FORSEY
BRETT D. YOUNG
NATHAN C. YU

Attorneys for Defendants

SMRH:4880-0069-5920.1          DEFENDANT NESTLE'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

PROOF OF SERVICE

Richard Garcia v. Nestle, USA
Case No. 23CV001286
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On July 14, 2023, I served true copies of the following document(s) described as **DEFENDANT NESTLÉ USA, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Brigitte Mills | Attorneys for Plaintiff |
| Camron Dowlatshahi | Richard Garcia |
| Julio Anleu | |
| MILLS SADAT DOWLAT LLP | |
| 333 South Hope Street, 40th Floor Los | |
| Angeles, CA 90071 | |
| Tel.:   (213) 628-3856 | |
| Email: arash@msdlawllp.com; | |
|        brie@msdlawllp.com; | |
|        camron@msdlawllp.com; | |
|        julio@msdlawllp.com | |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address VArriola@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2023, at Los Angeles, California.

_____
Valerie Arriola

SMRH:4879-9966-3720.1

-1-

EXHIBIT C

**\*\*DEMURRER NOT SET FOR 10/06/2023. AMENDED NOTICE IS REQUIRED.\*\***

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
      Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
MORGAN P. FORSEY, Cal. Bar No. 241207
mforsey@sheppardmullin.com
BRETT D. YOUNG, Cal. Bar No. 305657
byoung@sheppardmullin.com
NATHAN C, YU, Cal. Bar No. 299516
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398

Attorneys for Defendants
NESTLÉ USA, INC., KARTHIK SHETTY,
and ROGER PALPANT

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 7/14/2023 3:25 PM
By: Brenda Cerna, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MONTEREY

| | |
|---|---|
| RICHARD GARCIA, an individual, | Case No. 23CV001286 |
|     Plaintiff, | Assigned to: The Hon. Carrie M. Panetta Dept. 14 |
|     vs. | **KARTHIK SHETTY AND ROGER PALPANT'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| NESTLÉ USA, INC., a Delaware corporation; KARTHIK SHETTY, an individual; ROGER PALPANT, an individual; and DOES 1 through 25, Inclusive, | |
|     Defendants. | *[Filed concurrently with Declaration of Brett D. Young; and [Proposed] Order]* |
| | Hearing Date:  October 6, 2023 Time:  8:30 a.m. Place: Dept. 14 |
| | Complaint filed: April 26, 2023 |

INDIVIDUAL DEFENDANTS' DEMURRER TO PLAINTIFF'S COMPLAINT

**TO THE HONORABLE COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on October 6, 2023 at 8:30 a.m., or as soon thereafter as the matter may be heard in Department 14 of the Superior Court for the County of Monterey, located at 1200 Aguajita Road, Monterey, California 93940, Defendants Karthik Shetty, and Roger Palpant (collectively, "Individual Defendants") will, and hereby do, demurrer to Plaintiff Richard Garcia's ("Plaintiff") Complaint, specifically to the fourth cause of action. This demurrer is based on the grounds that this causes of action may not be asserted against Individual Defendants as a matter of law. Accordingly, Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against the Individual Defendants. C.C.P. § 430.10 (e).

This demurrer is based upon this Notice of Demurrer and Demurrer, the Memorandum of Points and Authorities in Support Thereof, the concurrently filed Declaration of Brett D. Young, all documents and records on file herein, any further evidence or arguments that may be presented at or before the hearing on this matter, and any and all matters upon which judicial notice can be taken.

## **DEMURRER**

1. Individual Defendants hereby demur to Plaintiff's Complaint on the grounds that it does not state facts sufficient to constitute a cause of action against Individual Defendants under Code Civ. Proc. § 430.10(e).

2. Individual Defendants specifically demur to Plaintiff's Fourth Cause of Action for Disability Discrimination in violation of the FEHA as it does not state facts sufficient to constitute a cause of action under Code Civ. Proc. § 430.10(e), because the claim is not cognizable against an individual supervisor or manager.

Dated:  July 14, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By

TRACEY A. KENNEDY
MORGAN P. FORSEY
BRETT D. YOUNG
NATHAN C. YU

Attorneys for Defendants

SMRH:4882-5655-2302.2

INDIVIDUAL DEFENDANTS' DEMURRER TO PLAINTIFF'S COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendants Karthik Shetty and Roger Palpant (collectively "Individual Defendants") demur to Plaintiff Richard Garcia's Complaint on the grounds that Complaint fails to state a cause action against Individual Defendants.    Plaintiff's Fourth Cause of Action for disability discrimination – the only cause of action pled against Individual Defendants – fails as a matter of law because discrimination claims under the Fair Employment and Housing Act ("FEHA") may be asserted only against a plaintiff's employer and not individual supervisors or managers. Accordingly, Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Individual Defendants.  Civ. Proc. Code § 430.10(e).  Therefore, Individual Defendants respectfully request the court sustain the demurrer without leave to amend.

**II.     SUMMARY OF RELEVANT FACTS**

In his Complaint, Plaintiff asserts ten causes of action; however, the *only* claim that Plaintiff asserts against Individual Defendants is his fourth cause of action for disability discrimination under the Fair Employment and Housing Act ("FEHA").  See generally Complaint. The remaining nine causes of action are pled only against Defendant Nestlé USA, Inc. ("Nestlé").

On July 5, 2023, counsel for Nestlé and the Individual Defendants requested that Plaintiff file an amended Complaint, specifically to re-plead his fourth cause of action against only Nestlé, Plaintiff's former employer.  See Declaration of Brett D. Young ("Young Declaration"), ¶ 2., Ex. A.  Plaintiff refused to do unless Nestlé agreed to keep this matter in State Court.  Id. at ¶ 3, Ex. B. Nestlé did not agree to Plaintiff's proposal.  Id.  Accordingly, Individual Defendants now request the Court to sustain their demurrer without leave to amend because it is well-established that Plaintiff's discrimination claim may not be asserted against Individual Defendants as a matter of law.

**III.    LEGAL ARGUMENT**

      **A.      Legal Standard On Demurrer**

A general demurrer under C.C.P. 430.10(e) "search[es] the entire complaint, or the count thereof to which it was directed, for any and every failure to state a material fact."  Burke v.

-7-

Maguire, 154 Cal. 456, 462 (1908).  The plaintiff is required to plead the ultimate facts constituting its cause of action, while conclusions of law must be disregarded.  Logan v. Southern Cal. Rapid Transit Dist., 136 Cal. App. 3d 116, 126 (1982); see also Moore v. Regents of University of California, 51 Cal. 3d 120, 125 (1990) ("We do not [] assume the truth of contentions, deductions, or conclusions of fact or law.").

A demurrer will be sustained without leave to amend when the nature of the plaintiff's claim is clear, but under the substantive law no liability exits.  Berkeley Police Assn. v. Berkeley, 76 Cal. App. 3d 931, 942 (1977); see also First Western Bank & Trust Co. v. Bookasta, 267 Cal. App. 2d 910, 913 (1968).  The burden of proving that there is a reasonable possibility that a defect can be cured by amendment is on the plaintiff.  Black v. Kirwan, 39 Cal. 3d 311, 318 (1985).

**B.    Plaintiff's Fourth Cause Of Action Fails To State A Claim Against Individual Defendants**

Plaintiff's Fourth Cause of Action, titled "Disability Discrimination in Violation of FEHA (Gov. Code § 12940(a))," alleges that "All Defendants" collectively discriminated against Plaintiff due to his purported disability.  Complaint, ¶¶ 43-47.  In Reno v. Baird, the California Supreme Court held that claims of discrimination under the FEHA cannot be asserted against individual supervisors and managers.  18 Cal. 4th 640, 663 (1998) ("[W]e conclude that individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts."); see also Jones v. Lodge at Torrey Pines Partnership, 42 Cal. 4th 1158, 1162 (2008) (stating same).  Here, Plaintiff concedes that he was employed only by Nestlé, and that Mr. Shetty and Mr. Palpant were his supervisors at the company.  See Complaint, ¶¶ 10, 12, 14, 17.  Accordingly, Plaintiff cannot assert his fourth cause of action against Individual Defendants.

For this reason, Plaintiff's fourth cause of action for disability discrimination under the FEHA fails to state a claim as to the Individual Defendants and the demurrer must be sustained.

**IV.    CONCLUSION**

For all of the foregoing reasons, Plaintiff's Complaint fails to state any claims against Defendants Karthik Shetty and Roger Palpant in their individual capacities.  Therefore, this demurrer must be sustained.  Because it is clear under the substantive law that no valid cause of

action can be pleaded against Mr. Shetty and Mr. Palpant, the demurrer should be sustained without leave to amend.

Dated:  July 14, 2023                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

TRACEY A. KENNEDY
MORGAN P. FORSEY
BRETT D. YOUNG
NATHAN C. YU

Attorneys for Defendants

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
MORGAN P. FORSEY, Cal. Bar No. 241207
mforsey@sheppardmullin.com
BRETT D. YOUNG, Cal. Bar No. 305657
byoung@sheppardmullin.com
NATHAN C, YU, Cal. Bar No. 299516
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendants
NESTLÉ USA, INC., KARTHIK SHETTY,
and ROGER PALPANT

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 7/14/2023 3:25 PM
By: Brenda Cerna, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| RICHARD GARCIA, an individual,<br><br>   Plaintiff,<br><br>  vs.<br><br>NESTLÉ USA, INC., a Delaware corporation; KARTHIK SHETTY, an individual; ROGER PALPANT, an individual; and DOES 1 through 25, Inclusive,<br><br>   Defendants. | Case No. 23CV001286<br>Assigned to: The Hon. Carrie M. Panetta<br>Dept. 14<br><br>**DECLARATION OF BRETT D. YOUNG IN SUPPORT OF KARTHIK SHETTY AND ROGER PALPANT'S DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>[*Filed concurrently with Notice of Demurrer; Memorandum of Points and Authorities; and [Proposed] Order*]<br><br>Hearing Date:  October 6, 2023<br>Time:  8:30 a.m.<br>Place: Dept. 14<br><br>Complaint filed: April 26, 2023 |

SMRH:4856-9528-7663.1   DECLARATION OF BRETT D. YOUNG ISO INDIVIDUAL DEFENDANTS' DEMURRER

**DECLARATION OF BRETT D. YOUNG**

I, Brett D. Young, declare as follows:

1.      I am an attorney licensed to practice law in all the courts of the State of California. I am an associate with the law firm of Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants Nestlé USA, Inc., Karthik Shetty, and Roger Palpant (collectively, "Defendants") in the above-caption matter.  The following facts are based on my personal knowledge and if called and sworn to testify as a witness I could and would competently testify thereto.

2.      On July 5, 2023, I sent a letter to Plaintiff's counsel to meet and confer regarding certain deficiencies in Plaintiff's Complaint pursuant to Code of Civil Procedure § 430.41.  In this letter, I informed Plaintiff's counsel that Plaintiff's Complaint improperly names Karthik Shetty and Roger Palpant as individual defendants because none of Plaintiff's causes of action may be maintained against Mr. Shetty and Mr. Palpant as a matter of law.  I requested that Plaintiff amend his complaint to remove the individual defendants.  A true and correct copy of the July 5, 2023 Letter is attached hereto as **Exhibit A**.

3.      On July 11, 2023, I sent an email to Plaintiff's counsel following up on my July 5, 2023 letter.  That same day, Plaintiff's counsel responded to my email stating that Plaintiff would agree to dismiss the individual defendants only if Defendants would agree to keep the matter in State Court.  Shortly thereafter, I responded to Plaintiff's counsel's email and informed him that Defendants would not agree to this proposal and would proceed with the demurrer.  A true and correct copy of my email correspondence with Plaintiff's counsel on July 11, 2023 is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2023, at Los Angeles, California.

BRETT D. YOUNG

-1-

SMRH:4856-9528-7663.1    DECLARATION OF BRETT D. YOUNG ISO INDIVIDUAL DEFENDANTS' DEMURRER

**EXHIBIT A**

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

213.617.4249 direct
tkennedy@sheppardmullin.com

File Number:  28RE-375013

July 5, 2023

VIA ELECTRONIC MAIL ONLY

Camron Dowlatshahi
Mills Sadat Dowlat LLP
333 South Hope Street, 40th Floor
Los Angeles, CA 90071
E-mail: camron@msdlawllp.com

Re:    Richard Garcia v. Nestle USA, Inc. et al.

Dear Mr. Dowlatshahi:

The purpose of this letter is to meet and confer pursuant to Code of Civil Procedure section 430.41 with Plaintiff Richard Garcia in good faith regarding deficiencies in his Complaint that must be addressed.

Plaintiff's Complaint improperly names Karthik Shetty and Roger Palpant as individual defendants.  Plaintiff does not assert a single cause of action that may be maintained against either of these individuals.  It is well established that individual supervisors and managers cannot be liable for a claim of discrimination under the California Fair Employment and Housing Act ("FEHA").  See Reno v. Baird, 18 Cal. 4th 640, 663 (1998) (holding that individuals who are not themselves the employer cannot be liable for FEHA discrimination as a matter of law).  The only claim asserted against Messrs. Shetty and Plant is for disability discrimination, which is improper under Reno.  Thus, the Complaint must be amended to remove the individual defendants.  Defendant Nestle USA, Inc. will file a demurrer and/or motion to strike to remove these improper defendants if Plaintiff refuses to amend the Complaint.

Please let us know if you would like to set up a call to discuss further.

Respectfully,

Brett D. Young
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4886-4984-7660.1

**EXHIBIT B**

| | |
|---|---|
| **From:** | Brett Young |
| **To:** | Camron Dowlatshahi; Margaret Tzeng |
| **Cc:** | Tracey Kennedy; Morgan Forsey; Nathan Yu; Emily Papania; Julio Anleu |
| **Subject:** | RE: Garcia v. Nestle USA, Inc. et al. |
| **Date:** | Tuesday, July 11, 2023 11:06:38 AM |

Defendants are not agreeable to this proposal and will proceed with the demurrer.  Please let us know if you would like to discuss further.


Thanks,

**Brett D. Young**
+1 213-617-4187 | direct
BYoung@sheppardmullin.com **|** Bio


**Sheppard**Mullin

333 South Hope Street, 43rd Floor
Los Angeles,  CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Camron Dowlatshahi <camron@msdlawllp.com>
**Sent:** Tuesday, July 11, 2023 9:18 AM
**To:** Brett Young <BYoung@sheppardmullin.com>; Margaret Tzeng <MTzeng@sheppardmullin.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Morgan Forsey <mforsey@sheppardmullin.com>; Nathan Yu <NYu@sheppardmullin.com>; Emily Papania <EPapania@sheppardmullin.com>; Julio Anleu <julio@msdlawllp.com>
**Subject:** RE: Garcia v. Nestle USA, Inc. et al.

Hi Brett,

We will amend the complaint and dismiss the individual defendants, in exchange for your agreement to keep the case before the Superior Court for the County of Monterey.


Thanks.

**Camron Dowlatshahi** | Partner
**T** +1 213 279 2612    **E** camron@msdlawllp.com
Mills Sadat Dowlat LLP  |  333 South Hope Street, 40th Floor  |  Los Angeles, CA 90071
www.msdlawllp.com

**From:** Brett Young <BYoung@sheppardmullin.com>
**Sent:** Tuesday, July 11, 2023 9:02 AM
**To:** Camron Dowlatshahi <camron@msdlawllp.com>; Margaret Tzeng <MTzeng@sheppardmullin.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Morgan Forsey <mforsey@sheppardmullin.com>; Nathan Yu <NYu@sheppardmullin.com>; Emily Papania <EPapania@sheppardmullin.com>; Julio Anleu <julio@msdlawllp.com>
**Subject:** RE: Garcia v. Nestle USA, Inc. et al.

Counsel,

We wanted to follow up on our meet and confer letter.  Please let us know if you would like to discuss.  Thanks.


**Brett D. Young**
+1 213-617-4187 | direct
BYoung@sheppardmullin.com | Bio


**SheppardMullin**
333 South Hope Street, 43rd Floor
Los Angeles,  CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Camron Dowlatshahi <camron@msdlawllp.com>
**Sent:** Wednesday, July 5, 2023 2:00 PM
**To:** Margaret Tzeng <MTzeng@sheppardmullin.com>
**Cc:** Tracey Kennedy <TKennedy@sheppardmullin.com>; Morgan Forsey <mforsey@sheppardmullin.com>; Brett Young <BYoung@sheppardmullin.com>; Nathan Yu <NYu@sheppardmullin.com>; Emily Papania <EPapania@sheppardmullin.com>; Julio Anleu <julio@msdlawllp.com>
**Subject:** Re: Garcia v. Nestle USA, Inc. et al.


Please include Julio Anleu (cc'd here) on all service emails. Thanks.


**Camron Dowlatshahi** | Partner
T +1 213 279 2612  E camron@msdlawllp.com
Mills Sadat Dowlat LLP  |  333 South Hope Street, 40th Floor  |
Los Angeles, CA 90071
www.msdlawllp.com

This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 279-2612 and then delete the e-mail and any copies of it.


> On Jul 5, 2023, at 1:40 PM, Margaret Tzeng <MTzeng@sheppardmullin.com> wrote:
>
>
> Dear Counsel,
>
> Please find attached Nestle USA, Inc.'s Meet and Confer Letter in reference to the above matter. Thank you.
>
> **Margaret Tzeng** | Practice Specialist
> +1 213-455-7712 | direct
> MTzeng@sheppardmullin.com

**Sheppard**Mullin

333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
+1 213-620-1780 | main
www.sheppardmullin.com

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Sheppard**Mullin

333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
+1 213-620-1780 | main

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
        Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
MORGAN P. FORSEY, Cal. Bar No. 241207
mforsey@sheppardmullin.com
BRETT D. YOUNG, Cal. Bar No. 305657
byoung@sheppardmullin.com
NATHAN C, YU, Cal. Bar No. 299516
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398

Attorneys for Defendants
NESTLÉ USA, INC., KARTHIK SHETTY,
and ROGER PALPANT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| RICHARD GARCIA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> NESTLÉ USA, INC., a Delaware corporation; KARTHIK SHETTY, an individual; ROGER PALPANT, an individual; and DOES 1 through 25, Inclusive, <br><br> Defendants. | Case No. 23CV001286 <br> Assigned to: The Hon. Carrie M. Panetta <br> Dept. 14 <br><br> **[PROPOSED] ORDER SUSTAINING KARTHIK SHETTY AND ROGER PALPANT'S DEMURRER TO PLAINTIFF'S COMPLAINT** <br><br> [*Filed concurrently with Notice of Demurrer; Memorandum of Points and Authorities; and Declaration of Brett D. Young*] <br><br> Hearing Date:  October 6, 2023 <br> Time:  8:30 a.m. <br> Place: Dept. 14 <br><br> Complaint filed: April 26, 2023 |

SMRH:4885-7028-6447.1                   [PROPOSED] ORDER SUSTAINING INDIVIDUAL DEFENDANTS' DEMURRER

**[PROPOSED] ORDER**

On October 6, 2023 at 8:30 a.m. in Department 14 of the Superior Court for the County of Monterey, Defendants Karthik Shetty and Roger Palpant's ("Defendants") Demurrer to Plaintiff Richard Garcia's Complaint came on regularly for hearing. All parties were represented by counsel.

Having read and considered the Demurrer, the supporting and opposing papers, the evidence submitted, and the oral arguments of the parties, the Court, finding good cause therefor, HEREBY ORDERS as follows:

1.      Defendant's Demurrer is SUSTAINED WITHOUT LEAVE TO AMEND. Specifically, the Fourth Cause of Action may not be asserted against individual defendants Karthik Shetty and Roger Palpant as a matter of law.

IT IS SO ORDERED.

Dated: _____, 2023

_____
Honorable Carrie M. Panetta
Superior Court Judge

SMRH:4885-7028-6447.1         [PROPOSED] ORDER SUSTAINING INDIVIDUAL DEFENDANTS' DEMURRER

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
MORGAN P. FORSEY, Cal. Bar No. 241207
mforsey@sheppardmullin.com
BRETT D. YOUNG, Cal. Bar No. 305657
byoung@sheppardmullin.com
NATHAN C, YU, Cal. Bar No. 299516
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398

Attorneys for Defendants
NESTLÉ USA, INC., KARTHIK SHETTY,
and ROGER PALPANT

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 7/14/2023 3:25 PM
By: Brenda Cerna, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MONTEREY

| | |
|---|---|
| RICHARD GARCIA, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>NESTLÉ USA, INC., a Delaware corporation; KARTHIK SHETTY, an individual; ROGER PALPANT, an individual; and DOES 1 through 25, Inclusive,<br><br>        Defendants. | Case No. 23CV001286<br>Assigned to: The Hon. Carrie M. Panetta<br>Dept. 14<br><br>**PROOF OF SERVICE RE KARTHIK SHETTY AND ROGER PALPANT'S DEMURRER TO PLAINTIFF'S COMPLAINT**<br><br>[*Filed concurrently with Notice of Demurrer; Memorandum of Points and Authorities; and Declaration of Brett D. Young*]<br><br>Hearing Date:  October 6, 2023<br>Time:  8:30 a.m.<br>Place: Dept. 14<br><br>Complaint filed: April 26, 2023 |

<u>PROOF OF SERVICE</u>

Richard Garcia v. Nestle, USA
Case No. 23CV001286
<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On July 14, 2023, I served true copies of the following document(s) described as;

**KARTHIK SHETTY AND ROGER PALPANT'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**

**DECLARATION OF BRETT D. YOUNG IN SUPPORT OF KARTHIK SHETTY AND ROGER PALPANT'S DEMURRER TO PLAINTIFF'S COMPLAINT and**

**[PROPOSED] ORDER SUSTAINING KARTHIK SHETTY AND ROGER PALPANT'S DEMURRER TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address <u>VArriola@sheppardmullin.com</u> to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2023, at Los Angeles, California.

_____
Valerie Arriola

**SERVICE LIST**

| | |
|---|---|
| Brigitte Mills<br>Camron Dowlatshahi<br>Julio Anleu<br>MILLS SADAT DOWLAT LLP<br>333 South Hope Street, 40th Floor Los Angeles, CA 90071<br>Tel.:    (213) 628-3856<br>Email: arash@msdlawllp.com;<br>brie@msdlawllp.com;<br>camron@msdlawllp.com;<br>julio@msdlawllp.com | Attorneys for Plaintiff<br>Richard Garcia |

EXHIBIT D

MILLS SADAT DOWLAT LLP
Brigitte Mills (SBN 281098)
Camron Dowlatshahi (SBN 308618)
333 South Hope Street, 40th Floor
Los Angeles, CA 90071
Tel.:   (213) 628-3856
Email: arash@ msdlawllp.com
Email: brie@ msdlawllp.com
Email: camron@msdlawllp.com

Attorneys for Plaintiff
Richard Garcia

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| RICHARD GARCIA, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>NESTLE USA, INC., a Delaware corporation, KARTHIK SHETTY, an individual, ROGER PALPANT, an individual, and DOES 1 through 25, inclusive,<br><br>                Defendants. | Case No.<br><br>**RICHARD GARCIA'S FIRST AMENDED COMPLAINT FOR:**<br><br>**(1)    Wrongful Termination in Violation of Public Policy**<br><br>**(2)    Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m))**<br><br>**(3)    Failure to Engage in the Interactive Process (Gov. Code, § 12940(n))**<br><br>**(4)    Disability Discrimination in Violation of FEHA (Gov. Code § 12940(a))**<br><br>**(5)    Retaliation in Violation of FEHA (Gov. Code § 12940, subd. (h))**<br><br>**(6)    Retaliation in Violation of Lab. Code, § 1102.5**<br><br>**(7)    Harassment in Violation of FEHA (Gov. Code § 12940, subd. (j))**<br><br>**(8)    Failure to Prevent Harassment, Discrimination, and Retaliation (Gov. Code, § 12940(k))**<br><br>**(9)    Failure to Provide Meal and Rest Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)** |

1

COMPLAINT

**(10)  Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.)**

**(11)  Private Attorneys General Act (Labor Code §§ 2698, et seq.)**

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff Richard Garcia, by and through his undersigned counsel, brings this action against defendants Nestle USA, Inc., Karthik Shetty, Roger Palpant, and Does 1 through 25, inclusive (collectively, "Defendants"), and alleges as follows:

<u>**THE PARTIES**</u>

1.      Plaintiff Richard Garcia ("Mr. Garcia" or "Plaintiff") is an individual residing in Salinas, California.

2.      Defendant Nestle USA, Inc. ("Nestle") is a corporation that is incorporated in Delaware, with its principal place of business in Arlington, Virginia.

3.      Defendant Karthik Shetty ("Mr. Shetty") is an individual residing in San Jose, California.

4.      Defendant Roger Palpant ("Mr. Palpant") is an individual residing in Modesto, California.

5.      Plaintiff is unaware of the true names and capacities of the defendants sued as Does 1 through 25, inclusive, and therefore sues these defendants by fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were proximately caused by said defendants' conduct.

<u>**VENUE AND JURISDICTION**</u>

6.      The wrongful conduct alleged against the Defendants occurred in the County of Monterey, California.  At all times relevant hereto, the conduct at issue was part of a continuous and ongoing pattern of behavior.

2

7.      This Court is the proper forum to adjudicate this action because the wrongful acts that are the subject of this action occurred here and injury to person occurred in its jurisdictional area.

8.      Plaintiff has complied with and/or exhausted any applicable claims statutes and/or administrative and/or internal remedies and/or grievance procedures, and/or is excused from complying therewith.  Plaintiff was issued a right-to-sue notice on or about September 29, 2022. A true and correct copy of Plaintiff's "Right to Sue" letter is attached as **Exhibit A**.

## GENERAL ALLEGATIONS

9.      Put simply, Mr. Garcia was fired in retaliation for taking medical leave and for reporting unlawful conduct.

10.      Mr. Garcia was a loyal and hardworking employee who began working for Sweet Earth, Inc. ("SEI") on or about July 5, 2016, as a facility and grounds keeper.

11.      SEI recognized Mr. Garcia's performance and work ethic, and in or around January 2017, Mr. Garcia received the first of four raises he would go on to receive while working for the company.  However, this work ethic often required Mr. Garcia to forgo his meal and rest breaks.

12.      In or around September 2017, Nestle USA, Inc. (hereinafter, "Nestle") purchased SEI, and continued operations at the facility located at or about 3080 Hilltop Rd, Moss Landing, CA 95039 (the "Facility").

13.      In or about 2019, Nestle began remodeling, updating, and repairing several buildings at the Facility that did not meet relevant building codes.  Nestle typically used heavy machinery to do so.

14.      In or around June 2019, Mr. Garcia's supervisor, Roger Palpant (Mr. "Palpant"), instructed several employees, including Mr. Garcia, to manually move heavy machinery. Specifically, Mr. Palpant instructed the group to move an industrial "bowl chopper" up a sloped ramp to the loading dock.  In doing so, Mr. Garcia severely injured his back, causing immediate pain.

3

15.     Mr. Garcia informed Mr. Palpant and Nestle's human resources personnel ("HR") about his workplace injury.  Fearful of losing his job, Mr. Garcia only took the following day off to rest.

16.     However, Mr. Garcia was unable to lay down or sleep without experiencing severe pain for a prolonged period of time.  As a result of the accident, Nestle placed Mr. Garcia on light duty.  Even on light duty, while Mr. Garcia's pain lessened, the discomfort he experienced did not.

17.     Over the course of the following months, Mr. Palpant and Karthik Shetty ("Mr. Shetty"), repeatedly asked Mr. Garcia to perform electrical work at the Facility.  Mr. Garcia informed his managers that he was neither licensed nor certified to perform such electrical work and did not feel comfortable doing so.  However, Mr. Palpant and Mr. Shetty repeatedly pressured Mr. Garcia into doing so.

18.     In fact, despite his complaints and lack of certification, Mr. Garcia was placed in charge of electrical panels and performing the "lock-out-take-out" safety protocol.  This required Mr. Garcia to lock the electrical panels and to remove the key accompanying the lock.

19.     Soon thereafter, doctors discovered that Mr. Garcia had a herniated disk at L5-S1, as well as fairly severe degenerative disk disease in his L4-L5.  In addition, Mr. Garcia's injury caused his spinal cord to leak cerebrospinal fluid, prolonging his symptoms until surgery was performed.

20.     Towards the end of 2021, the pain became too much for Mr. Garcia and he needed surgery.  In or about February 2022, Mr. Garcia orally informed HR about the scheduled surgery.  Mr. Garcia later provided Nestle with a written note confirming the surgery, while also reminding his supervisors on multiple occasions.

21.     Two days before his surgery, on or about March 15, 2022, Mr. Garcia accidentally left a key in an electrical panel's lock.  Mr. Garcia was confronted about this violation by Mr. Palpant and Mr. Shetty, notwithstanding the fact that he never made this mistake before, and other employees had made the same mistake no less than two times prior—without Nestle taking any disciplinary action against them.

4

22.     In fact, Nestle's supervisor, Reynaldo Hernandez ("Mr. Hernandez"), regularly bypassed the very same safety protocols and left the lock-out boxes unlocked.  In addition, Mr. Palpant himself bypassed such safety protocols and often failed to properly complete the lock-out protocol.

23.     However, on March 17, 2022, as doctors prepped Mr. Garcia for surgery, he received a call from Nestle—terminating him because he took time off and because he reported unlawful conduct to Mr. Palpant and Mr. Shetty.

## FIRST CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

(Against Nestle)

24.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

25.     At all times relevant hereto, Nestle employed Mr. Garcia.

26.     Nestle terminated Mr. Garcia on or about March 17, 2022.

27.     Mr. Garcia's taking of medical leave for surgery and reporting of unlawful conduct to his superiors were substantial motivating reasons for his discharge.

28.     As a result of Nestle's conduct, Mr. Garcia has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m))

(Against Nestle)

29.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

30.     Nestle employed and later terminated Mr. Garcia.

31.     Due to a workplace injury, Mr. Garcia suffered from a herniated disk at L5-S1, as well as fairly severe degenerative disk disease in his L4-L5.

5

COMPLAINT

32.     Nestle knew of Mr. Garcia's disability because Mr. Garcia provided numerous doctor's notes to Nestle outlining his symptoms and related restrictions. Moreover, Mr. Garcia informed Nestle that he would require surgery to heal his injury.

33.     Mr. Garcia was able to perform the essential duties of his position with a reasonable accommodation for his disability—namely, the ability to take a week or so off of work to heal from his surgery.

34.     However, Nestle failed to provide reasonable accommodations for Mr. Garcia's disability.

35.     As a result of Nestle's conduct, Mr. Garcia sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

36.     Nestle's failure to provide reasonable accommodation was a substantial factor in causing Mr. Garcia's harm.

## THIRD CAUSE OF ACTION

### Failure to Engage in the Interactive Process (Gov. Code, § 12940(n))

(Against Nestle)

37.     Mr. Garcia incorporates all preceding paragraphs of this complaint as though set forth fully herein.

38.     Nestle knew Mr. Garcia suffered from a herniated disk at L5-S1 as well as fairly severe degenerative disk disease in his L4-L5, as evidenced by numerous oral and written notifications, as well as the fac that the original injury occurred in the workplace.

39.     Mr. Garcia requested that Nestle make reasonable accommodations for his injury and subsequent surgery so that he would be able to perform his essential job requirements.

40.     Mr. Garcia was more than willing to participate in the interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.  Mr. Garcia formally requested these reasonable accommodations on at least two separate occasions.

6

41.    However, Nestle failed to participate in a timely good-faith interactive process with Mr. Garcia to determine whether reasonable accommodation could be made.  Instead, Nestle summarily denied Mr. Garcia's requests without any investigation as to if it could accommodate him and terminated him instead.

42.    As a result of Nestle's conduct, Mr. Garcia sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Disability Discrimination in Violation of FEHA (Gov. Code § 12940(a))

(Against Nestle)

43.    Mr. Garcia incorporates all preceding paragraphs of this complaint as though set forth fully herein.

44.    At all times relevant hereto, Mr. Garcia was an employee of Nestle.

45.    Nestle subjected Mr. Garcia to harassment, abuse, and embarrassment before ultimately firing his because of his disability.

29.    Specifically, Nestle refused to allow Mr. Garcia to take leave due to his back surgery and summarily terminated him instead.  On or about March 15, 2022, Mr. Garcia was confronted about leaving a key in a lock-out lock violation by Mr. Palpant and Mr. Shetty—notwithstanding the fact that he never made this mistake before, and other employees and supervisors, such as Reynaldo Hernandez, had made the same and/or similar mistakes no less than two times prior without Nestle taking any disciplinary action against them.

46.    Mr. Garcia's disability was a substantial motivating reasons for Nestle's discrimination and decision to ultimately terminate Mr. Garcia.

47.    Mr. Garcia was harmed, and Defendants' conduct was a substantial factor in causing Mr. Garcia's harm.

//

//

7

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of FEHA (Gov. Code § 12940, subd. (h))

(Against Nestle)

48.    Mr. Garcia incorporates all preceding paragraphs of this complaint as though set forth fully herein.

49.    Mr. Garcia complained to Nestle about his continued pain, need for surgery, and his planned medical leave related to the surgery.

50.    Nestle retaliated against Mr. Garcia for taking medical leave for his surgery and terminated Mr. Garcia as he was being prepped for surgery.

51.    Mr. Garcia's good-faith notification and taking of medical leave as described herein were substantial motivating factors in Nestle's decision to terminate him.

52.    As a result of Nestle's conduct, Mr. Garcia was harmed.

53.    As a result of Nestle's conduct, Mr. Garcia sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Retaliation in Violation of Lab. Code, § 1102.5

(Against Nestle)

54.    Mr. Garcia incorporates all preceding paragraphs of this complaint as though set forth fully herein.

55.    Mr. Garcia complained of Nestle's requirement that he work on electrical devices at the Facility to management.  Mr. Garcia lacked the required certification to do so and reported this conduct, as well as other violations of California law, to Nestle.

56.    Mr. Garcia had reasonable cause to believe that the information he disclosed to Nestle described a violation of the statutes asserted in this complaint.

8

COMPLAINT

57.    Instead of remedying these violations, Nestle terminated Mr. Garcia, and Mr. Garcia's reporting of these violations to Nestle was a contributing factor in Nestle's decision to terminate Mr. Garcia.

58.    As a result of Nestle's conduct, Mr. Garcia has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

59.    As a result of Nestle's conduct, Mr. Garcia has sustained, and continues to sustain, damages, in the form of lost wages and other employment benefits, and emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### Harassment in Violation of FEHA (Gov. Code, § 12940(j))

(Against All Defendants)

60.    Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

61.    At all times relevant hereto, Mr. Garcia was an employee of Defendant.

62.    Throughout his employment, Mr. Garcia was subjected to harassment by Mr. Palpant and Mr. Shetty.

63.    A reasonable person in Mr. Garcia's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, and abusive.

64.    Defendants are liable for the harassment perpetrated by Mr. Palpant and Mr. Shetty. Mr. Garica was repeatedly pressured by Mr. Palpant and Mr. Shetty to perform work he was not licensed to conduct, creating a hostile and toxic work environment.

65.    As a result of Defendants' harassment, Mr. Garcia has sustained, and continues to sustain, damages in the form of lost wages and other employment benefits, and severe emotional and physical distress in an amount in excess of the minimum jurisdictional requirements of this court, the exact amount of which will be proven at trial.

9

**EIGHTH CAUSE OF ACTION**

**Failure to Prevent Harassment, Discrimination, and Retaliation (Gov. Code, § 12940(k))**

(Against Nestle)

66.     Plaintiff incorporates all preceding paragraphs of this complaint as though set forth fully herein.

67.     Nestle employed Mr. Garcia.

68.     Mr. Garcia was subjected to discrimination and retaliation in the course of his employment due to his back condition.

69.     Nestle failed to take all reasonable steps to prevent the discrimination and retaliation.  Instead, its supervisors openly discriminated against Mr. Garcia by disciplining him more severely than other non-disabled employees and ultimately terminating him.

70.     Mr. Garcia incurred economic and non-economic damages because of the Nestle's failure to take all reasonable steps to prevent the harassment, discrimination, and retaliation, and this failure was a substantial factor in causing his damages.

**NINTH CAUSE OF ACTION**

**Failure to Provide Meal and Rest Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

(Against Nestle)

71.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

72.     At all relevant times, Nestle were aware of and were under a duty to comply with Labor Code sections 226.7 and 512 and applicable sections of IWC Wage Orders.

73.     Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

74.     Section 11 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

10

COMPLAINT

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

75.     Section 12 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

11

COMPLAINT

76. Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each workday that the employer does not provide a compliant meal or rest period.

77. Nestle knowingly failed to provide Mr. Garcia with meal periods as required by law, and knowingly failed to authorize and permit Mr. Garcia to take rest periods as required by law. Nestle also failed to provide Mr. Garcia with any payment of meal and rest premiums.

78. Mr. Garcia has therefore been damaged and is entitled to payment of the meal and rest period premiums as provided by law.

## TENTH CAUSE OF ACTION

### Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*)

(Against Nestle)

79. Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

80. Business and Professions Code section 17200, *et seq.* ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice." Defendant engaged in unlawful activity as follows:

      a.    Violations of Labor Code sections 226.7 and 512 for failure to provide meal periods and rest breaks;

      b.    Violations of IWC Wage Orders for the same conduct set forth herein; and

81. Mr. Garcia lost money as a result of Nestle's violations of the unlawful prong of the UCL in the form of lost wages, lost paid time off, and ultimately, the loss of his job and future wages.

82. As a result of its unlawful business practices, Nestle damaged Mr. Garcia by wrongfully denying his earned overtime wages, meal periods, rest breaks, and premium compensation.

12

COMPLAINT

83. Mr. Garcia seeks restitution and disgorgement and other appropriate relief available under Business and Professions Code section 17200, *et seq.*

## ELEVENTH CAUSE OF ACTION

### Private Attorneys General Act (Labor Code §§ 2698, *et seq.*)

(Against Nestle)

84. Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

85. Mr. Garcia is an aggrieved employee under PAGA because he was employed by Nestle during the applicable statutory period and suffered one or more of the Labor Code violations set forth in this Complaint. Mr. Garcia seeks to recover on his behalf, on behalf of the State, and on behalf of all current and former aggrieved employees of Nestle, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs in this representative action.

86. Mr. Garcia seeks penalties pursuant to PAGA for violation of the following Labor Code sections:

    a. Failure to provide premium pay for missed meal and rest breaks in violation of 226.7.

87. On or about September 28, 2022, Mr. Garcia provided the requisite written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") and to Nestle, informing them of the provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. The LWDA has not responded to Mr. Garcia's written notice but if it does, Mr. Garcia will amend his complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    A. For general damages, special damages, and non-economic damages according to proof, but in an amount in excess of the jurisdictional limit of this Court;

    B. For punitive damages in an amount appropriate to punish Defendants and

13

COMPLAINT

deter others from engaging in similar misconduct on appropriate legal causes of action;

C.      For unpaid overtime wages, meal and rest period premiums, and other due wages

D.      For amounts provided for in in Labor Code sections 226 and 226.7;

E.      For an award of civil penalties under PAGA;

F.      For prejudgment interest;

G.      For costs of suit, including attorneys' fees and expert witness fees; and

H.      For such other relief as the Court deems just and proper.


Dated:  October 16, 2023                        MILLS SADAT DOWLAT LLP


By:      _____

                                                Camron Dowlatshahi

                                                Attorneys for Plaintiff
                                                Richard Garcia

14

COMPLAINT